UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ISAEL SANCHEZ-MERCEDES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-0054 (TNM) |
| | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure ("FRCP") and 28

U.S.C. §§ 1402(b), 1406(a), defendants respectfully move to dismiss this case due to improper

venue.  Under 28 U.S.C. § 1402(b), venue for this case is not proper in the District of Columbia

because plaintiff resides in Pennsylvania and the alleged acts or omissions giving rise to

plaintiff's claims occurred at Petersburgh Federal Correctional Institution, which is located in

Virginia.

In the alternative, defendants move to dismiss this case due to res judicata pursuant to

Rule 12(b)(6) of the FRCP.  Plaintiff, then represented by counsel, previously filed a case for the

same alleged acts or omissions at Petersburgh Federal Correctional Institution.  *Sanchez-*

*Mercedes v. United States*, No. 3:16-CV-560 (AWT) (D. Conn.), ECF No. 1, Compl.  The

United States District Court for the District of Connecticut dismissed plaintiff's case because it

was barred by the discretionary function exception.  *Id.*, ECF No. 14, Ruling on Mot. to Dismiss

dated Feb. 24, 2017, at 4-11.

In yet another alternative, defendants move (i) to dismiss this case for lack of subject

matter jurisdiction pursuant to Rule 12(b)(1) of the FRCP; and (ii) for partial summary

judgement in their favor due to plaintiff's failure to exhaust administrative remedies for any claim relating to his current medical care pursuant to Rule 56 of the FRCP.[1]

To the extent that plaintiff's complaint asserts any *Bivens* claim against the individual defendants in their individual capacities, defendants move to dismiss any such claim on the grounds that (i) any such claim is untimely pursuant to Rule 12(b)(6) of the FRCP; (ii) the Court lacks personal jurisdiction over the individual defendants pursuant to Rule 12(b)(2) of the FRCP; and (iii) the complaint fails to state a claim against the individual defendants pursuant to Rule 12(b)(6) of the FRCP.

In support of this motion, defendants respectfully refer the Court to the accompanying memorandum of law, attached certification of Daniel F. Van Horn, statement of material fact and attached agency declaration.  A proposed order is attached.

Dated:  April 22, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By:  /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney
Civil Division
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Telephone:  (202) 252-2539
Email:  Marsha.Yee@usdoj.gov

*Counsel for Defendants*

---

[1]     Defendants move for partial summary judgment in their favor on plaintiff's failure to exhaust administrative remedies for any claim relating to his current medical care because this portion of their motion relies on the agency's declaration.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISAEL SANCHEZ-MERCEDES,    )
    )
          Plaintiff,    )      Civil Action No. 19-0054 (TNM)
    )
    v.    )
    )
BUREAU OF PRISONS, et al.,    )
    )
          Defendants.    )
_____)

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

## Table of Contents

Page

STANDARDS OF REVIEW ........................................................................................................ 3

I.      Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) ............. 3

II.     Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) ...................... 3

III.    Motion to Dismiss or Transfer Venue for Improper Venue Under Rule 12(b)(3) .............. 4

IV.     Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) ............................... 5

V.      Motion for Summary Judgment Under Rule 56 ................................................................. 6

ARGUMENT ............................................................................................................................... 7

I.      This District is an Improper Venue for Sanchez-Mercedes' Claims ................................. 7

II.     In the Alternative, the Court Should Dismiss This Case Due to Res Judicata .................. 8

III.    Alternatively, the Court Should Dismiss this Case Due to Lack of Subject Matter
        Jurisdiction and Failure to Exhaust Administrative Remedies for Any Claim
        Relating to Current Medical Care .................................................................................... 12

        A.      The Court Lacks Subject Matter Jurisdiction Because the Complaint Failed
                to Name the United States ..................................................................................... 12

        B.      The Court Lacks Subject Matter Jurisdiction for Any Claim Under 42
                U.S.C. § 1983 ......................................................................................................... 12

        C.      Sanchez-Mercedes Has Not Administratively Exhausted Any Claim
                Relating to His Current Medical Care ................................................................... 13

IV.     To the Extent the Complaint Raises Any *Bivens* Claim Against the Individual
        Defendants in Their Individual Capacities, the Court Should Dismiss Any Such
        Claim ............................................................................................................................... 14

        A.      Any Individual Capacity Claim is Time-Barred ................................................... 14

        B.      The Court Lacks Personal Jurisdiction Over Wilson and Patterson in Their
                Individual Capacities ............................................................................................ 15

        C.      The Complaint Fails to State a Claim Against Wilson and Patterson .................. 16

CONCLUSION ......................................................................................................................... 18

**Table of Authorities**

Page(s)

Cases

*Alford v. Providence Hosp.*, 60 F. Supp. 3d 118 (D.D.C. 2014) ..................................................... 8

*Allen v. McCurry*, 449 U.S. 90 (1980) ........................................................................................ 8

*Anderson v. Dist. of Columbia*, 317 F. Supp. 3d 444 (D.D.C. 2018) ........................................... 17

*Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................ 6

*\*Ashbourne v. Hansberry*, 245 F. Supp. 3d 99 (D.D.C. 2017) ............................................... 5, 6, 9

*\*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 5, 16

*\*Chandler v. Fed. Bureau of Prisons*, 249 F. Supp. 3d 267 (D.D.C. 2017) ................................. 13

*\*Coulibaly v. Kerry*, 213 F. Supp. 3d 93 (D.D.C. 2016) ............................................................ 12

*Drake v. Fed. Aviation Admin.*, 291 F.3d 59 (D.C. Cir. 2002) ..................................................... 8

*Dye v. United States*, 516 F. Supp. 2d 61 (D.D.C. 2007) ........................................................... 12

*Earle v. Dist. of Columbia*, 707 F.3d 299 (D.C. Cir. 2012) ......................................................... 5

*Epps v. Laybourne*, No. 3:17-CV-646 (HEH), 2019 WL 470904 n.4 (D.D.C. Feb. 5, 2019) ...... 15

*Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397 (D.D.C. 2017) ............................................ 4

*Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25 (D.D.C. 2016) ................................................... 5

*Hampton v. Comey*, No. 14-CV-1607 (ABJ), 2016 WL 471277 (D.D.C. Feb. 8, 2016) ........... 3, 4

*Husain v. Smith*, No. 15-708 (RDM), 2016 WL 4435177 (D.D.C. Aug. 19, 2016) ..................... 16

*\*Jones v. Hurwitz*, 324 F. Supp. 3d 97 (D.D.C. 2018) ................................................................ 17

*Lewis v. Clarke*, 137 S. Ct. 1285 (2017) .................................................................................. 13

*Lloyd v. Ingenuity Prep. Charter Sch.*, No. 18-CV-801 (TNM-GMH), 2019 WL 1243688

   (D.D.C. Mar. 18, 2019) ...................................................................................................... 6

*Menoken v. McGettigan*, 273 F. Supp. 3d 188 (D.D.C. 2017) ............................................... 9, 11

*Miango v. Dem. Rep. Congo*, 243 F. Supp. 3d 113 (D.D.C. 2017) ............................................... 12

*Middleton v. U.S. Dep't of Labor*, 318 F. Supp. 3d 81 (D.D.C. 2018) ......................................... 10

*Mitchell v. Holliday*, 202 F. Supp. 3d 116 (D.D.C. 2016) ...................................................... 1, 7, 8

*Mobarez v. Kerry*, 187 F. Supp. 3d 85 (D.D.C. 2016) .................................................................. 3

*Nat'l Ass'n of Home Builders v. Envtl. Prot. Agency*, 786 F.3d 34 (D.C. Cir. 2015) .................. 9

*Natural Res. Def. Council v. Envtl. Prot. Agency*, 513 F.3d 257 (D.C. Cir. 2008) .................. 8, 9

*Porter v. Nussle*, 534 U.S. 516 (2002) ................................................................................. 13, 14

*Richardson v. Sauls*, 319 F. Supp. 3d 52 (D.D.C. 2018) ........................................ 10, 11, 14, 15

*Settles v. U.S. Parole Comm'n*, 429 F.3d 1098 (D.C. Cir. 2005) ............................................... 13

*Stanton v. D.C. Court of Appeals*, 127 F.3d 72 (D.C. Cir. 1997) ................................................. 9

*Void-El v. O'Brien*, 811 F. Supp. 2d 255 (D.D.C. 2011) .............................................................. 1

*Williams v. United States*, 932 F. Supp. 357 (D.D.C. 1996) ........................................................ 7

*Woodruff v. United States*, 310 F. Supp. 3d 54 (D.D.C. 2018) ............................................. 15, 16

<u>Statutes</u>

28 U.S.C. § 1402(b) ................................................................................................................ 2, 7

28 U.S.C. § 1406(a) ..................................................................................................................... 4

28 U.S.C. § 2679(b)(1) ............................................................................................................. 12

42 U.S.C. § 1997e(a) ................................................................................................................ 13

<u>Rules</u>

Fed. R. Civ. P. 56(a) ................................................................................................................... 6

According to Plaintiff Isael Sanchez-Mercedes' complaint, this case arises from an

incident that occurred on May 6, 2014, at Petersburg Medium prison.  ECF No. 1, Compl. at 2.

Sanchez-Mercedes alleges that he fell after a correctional officer took away his cane "without

any legal justification whatsoever" and that he has received and is receiving inadequate medical

care for his resulting injuries.  *Id.* at 2-4.  His complaint names four defendants:  (i) the United

States Department of Justice ("DOJ"), (ii) the Bureau of Prisons ("BOP"), (iii) Correctional

Officer Patterson and (iv) Warden Eric D. Wilson.  *Id.* at 1 (case caption).  Sanchez-Mercedes

purports to bring his claims under 42 U.S.C. § 1983, alleging deliberate indifference and cruel

and unusual punishment, and seeks $50 million for his alleged injuries.  *Id.* at 1, 3, 4.

On the basis of Sanchez-Mercedes' complaint and other available information, Daniel F.

Van Horn, Chief of the Civil Division, United States Attorney's Office for the District of

Columbia, acting pursuant to delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)

that Patterson and Wilson were each an employee of the government and were each acting within

the scope of his employment at the time of the alleged incidents.  Certification of Daniel F. Van

Horn.  This certification means that, pursuant to 28 U.S.C. § 2679(d)(1), this case shall be

deemed an action against the United States, and the United States shall be substituted as the only

defendant.[2]

Defendants construe Sanchez-Mercedes' complaint as primarily raising claims under the

Federal Tort Claims Act ("FTCA") and now move to dismiss due to improper venue.  The

---

[2]     *E.g.*, *Mitchell v. Holliday*, 202 F. Supp. 3d 116, 118 (D.D.C. 2016) ("Once the Attorney
General—or his authorized designee—certifies that a federal employee was acting within
the scope of his or her employment at the time of the conduct giving rise to the claim, the
employee[s] are dismissed from the action, and the United States is substituted as
defendant in place of the employee[s].") (internal quotation marks omitted); *Void-El v.
O'Brien*, 811 F. Supp. 2d 255, 260 (D.D.C. 2011) ("[S]ince the Westfall Act certification
has been made, the United States is the only proper Defendant.").

FTCA's venue provision, 28 U.S.C. § 1402(b), provides that venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Sanchez-Mercedes does not reside in the District of Columbia. The alleged acts or omissions giving rise to Sanchez-Mercedes' alleged claims did not occur in the District of Columbia. Thus, the District of Columbia is an improper venue for Sanchez-Mercedes' claims. Accordingly, the Court should dismiss this case.

In the alternative, defendants move to dismiss this case due to res judicata pursuant to Rule 12(b)(6) of the FRCP. Sanchez-Mercedes, then represented by counsel, previously filed a case for the same alleged acts or omissions at Petersburgh Federal Correctional Institution ("FCI"). *Sanchez-Mercedes v. United States*, No. 3:16-CV-560 (AWT) (D. Conn.), ECF No. 1, Compl. The United States District Court for the District of Connecticut dismissed Sanchez-Mercedes' case because it was barred by the discretionary function exception. *Id.*, ECF No. 14, Ruling on Mot. to Dismiss dated Feb. 24, 2017, at 4-11.

In yet another alternative, defendants move to dismiss for lack of subject matter jurisdiction because (i) the complaint failed to name the United States as the defendant and (ii) 42 U.S.C. § 1983 does not waive the United States' sovereign immunity, which extends to federal agencies and federal employees in their official capacities. To the extent that Sanchez-Mercedes is trying to raise a claim for the allegedly inadequate medical care he is currently receiving, he has not administratively exhausted such a claim and thus the Court should grant partial summary judgment in defendants' favor on any such claim.

It is unclear from the complaint whether Sanchez-Mercedes is attempting to assert a *Bivens* claim against the individual defendants in their individual capacities. Even were the Court to construe the complaint as asserting a *Bivens* claim(s), the Court should dismiss any such

claim because (i) any such claim is untimely; (ii) the Court lacks personal jurisdiction over the individual defendants; and (iii) the complaint fails to state a claim against the individual defendants.

## STANDARDS OF REVIEW

### I.   MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(B)(1)

"When a motion to dismiss a complaint under Rule 12(b)(1) is filed, a federal court is required to ensure that it has the statutory or constitutional power to adjudicate [the] case[.]" *Mobarez v. Kerry*, 187 F. Supp. 3d 85, 89 (D.D.C. 2016) (internal quotation marks omitted). "[T]he burden of showing that subject-matter jurisdiction exists is borne by the plaintiff." *Id.* "[I]f subject-matter jurisdiction is lacking, the court must dismiss the complaint in its entirety." *Id.* (internal quotation marks omitted).

"[I]n evaluating whether or not there is subject-matter jurisdiction with respect to a plaintiff's case, the court will 'treat the complaint's factual allegations as true' and afford the plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Id.* "However, those factual allegations receive 'closer scrutiny' than they would in the Rule 12(b)(6) context." *Id.* "[W]hen necessary, a court resolving a Rule 12(b)(1) motion may consider materials outside the pleadings[.]" *Id.* (internal quotation marks omitted).

### II.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2)

"It is the plaintiff who bears the burden of establishing personal jurisdiction over each defendant." *Hampton v. Comey*, No. 14-CV-1607 (ABJ), 2016 WL 471277, at *3 (D.D.C. Feb. 8, 2016). "In order to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts." *Id.* (internal quotation marks omitted). "To establish that personal jurisdiction exists, the plaintiff must allege specific

acts connecting the defendant with the forum." *Id.* "A plaintiff cannot rely on conclusory allegations to establish personal jurisdiction." *Id.* (internal quotation marks omitted).

### III.   MOTION TO DISMISS OR TRANSFER VENUE FOR IMPROPER VENUE UNDER RULE 12(B)(3)

"Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a case for 'improper venue.'" *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 405 (D.D.C. 2017) (citing Fed. R. Civ. P. 12(b)(3)). "Similarly, the federal venue statute, 28 U.S.C. § 1406(a), requires that a district court 'dismiss, or if it be in the interest of justice, transfer' a case, which is filed 'in the wrong division or district.'" *Id.* (quoting 28 U.S.C. § 1406(a)). "Together, Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is wrong or improper . . . in the forum in which [the case] was brought." *Id.* (internal quotation marks omitted). "Whether venue is wrong or improper depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws[.]" *Id.* (internal quotation marks omitted). "[T]he burden remains on the plaintiff to establish that venue is proper since it is the plaintiff's obligation to institute the action in a permissible forum[.]" *Id.* (internal quotation marks omitted).

In assessing a motion for improper venue, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *Id.* "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record, to determine whether it has jurisdiction in the case." *Id.* (internal quotation marks omitted).

**IV.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In deciding a motion to dismiss, a court may begin by identifying pleadings that are no more than legal conclusions and therefore "are not entitled to the assumption of truth." *Id.* at 679.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

"In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice." *Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 29 (D.D.C. 2016).  For example, a court may take judicial notice of statutes and public records, such as docket sheets and the public filings in another case. *Earle v. Dist. of Columbia*, 707 F.3d 299, 308 n.10 (D.C. Cir. 2012) (recognizing "[courts] may take judicial notice of statutes," and "facts of record in other proceedings"); *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017) (recognizing that the Court may take judicial notice of docket for plaintiff's previous civil action "and the public filings therein").

"Res judicata may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice." *Ashbourne*, 245 F. Supp. 3d at 102 (internal quotation marks omitted).

"A party may raise a statute of limitations argument in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'when the facts that give rise to the defense are clear from the face of the [document].'" *Lloyd v. Ingenuity Prep. Charter Sch.*, No. 18-CV-801 (TNM-GMH), 2019 WL 1243688, at *1 (D.D.C. Mar. 18, 2019). "The Court may look to [the] record of another proceeding to avoid unnecessary proceedings when an undisputed fact on the public record makes it clear that [a party] does not state a claim upon which relief could be granted." *Id.* (internal quotation marks omitted).

## V.   MOTION FOR SUMMARY JUDGMENT UNDER RULE 56

Under Rule 56 of the Federal Rules of Civil Procedure, a court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when it "might affect the outcome of the suit under the governing law." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The inquiry under Rule 56 is essentially "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

**ARGUMENT**

I.   **THIS DISTRICT IS AN IMPROPER VENUE FOR SANCHEZ-MERCEDES' CLAIMS**

"Under 28 U.S.C. §§ 1346(b) and 1402(b), a civil action on a tort claim against the United States may be pursued only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." *Williams v. United States*, 932 F. Supp. 357, 363 (D.D.C. 1996) (internal quotation marks omitted); *see also* 28 U.S.C. § 1402(b) ("Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.").

Sanchez-Mercedes does not reside in this district. *See* Compl. at 4 (providing a Loretto, Pennsylvania[3] address for Sanchez-Mercedes). The alleged acts or omissions did not occur in this district. *See* Compl. at 2 (referring to Petersburg Medium prison[4]). Thus, this district is an improper venue for Sanchez-Mercedes' claims. *See* 28 U.S.C. § 1402(b).

"When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts to dismiss, or if it be in the interest of justice, transfer such case to the proper venue." *Mitchell v. Holliday*, 202 F. Supp. 3d 116, 120 (D.D.C. 2016) (internal quotation marks omitted). The Court should exercise its discretion to dismiss rather than transfer this case because this case is barred by the doctrine of res judicata. *See infra* Argument, Part II. Even were the Court to construe the complaint as raising claims relating to Sanchez-Mercedes' current medical care, Sanchez-

---

[3]   Sanchez-Mercedes is currently incarcerated at Loretto Federal Correctional Institute, which is in the Western District of Pennsylvania. *See* Federal Bureau of Prisons, Locations, FCI Loretto, https://www.bop.gov/locations/institutions/lor/.

[4]   Petersburg Medium prison is located in Hopewell, Virginia. Federal Bureau of Prisons, Locations, FCI Petersburg Medium, https://www.bop.gov/locations/institutions/pem/. Hopewell, Virginia is located in the Eastern District of Virginia. *See id.*

Mercedes has not administratively exhausted any such claim.  *See infra* Argument, Part III.C.

Under these circumstances, the Court should exercise its discretion to dismiss rather than transfer this case.  *See Mitchell*, 202 F. Supp. 3d at 120 (dismissing case due to improper venue where the Court concluded that a transfer was not in the interest of justice).

## II.    IN THE ALTERNATIVE, THE COURT SHOULD DISMISS THIS CASE DUE TO RES JUDICATA

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  "[R]es judicata . . . relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."  *Id.*  "Res judicata has two distinct aspects—claim preclusion and issue preclusion (commonly known as collateral estoppel)[.]"  *Alford v. Providence Hosp.*, 60 F. Supp. 3d 118, 124 (D.D.C. 2014) (internal quotation marks omitted).

"A subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'"  *Natural Res. Def. Council v. Envtl. Prot. Agency*, 513 F.3d 257, 260 (D.C. Cir. 2008).

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'"  *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002).  "To determine whether two cases share the same nucleus of facts, courts consider 'whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding

or usage.'" *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 104 (D.D.C. 2017) (quoting *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997)).

"Unlike issue preclusion, which is aimed at preventing relitigation of issues previously resolved, claim preclusion is also intended to prevent litigation of matters that *should have been* raised in an earlier suit[.]" *Natural Res. Def. Council*, 513 F.3d at 261 (citation and internal quotation marks omitted). "[A] party cannot escape the preclusive effect of the doctrine by raising a different legal theory or seeking a different remedy that was available to her in the prior action." *Menoken v. McGettigan*, 273 F. Supp. 3d 188, 195-96 (D.D.C. 2017).

"The doctrine of issue preclusion, or collateral estoppel, bars successive litigation of an issue of fact or law actually litigated and resolved that was essential to the prior judgment, even if the issue recurs in the context of a different claim." *Nat'l Ass'n of Home Builders v. Envtl. Prot. Agency*, 786 F.3d 34, 41 (D.C. Cir. 2015) (internal quotation marks omitted). "Issue preclusion applies to threshold jurisdictional issues like standing as well as issues going to a case's merits." *Id.* "Issue preclusion operates differently from claim preclusion with respect to jurisdiction-based prior decisions: Because a jurisdictional dismissal does not involve an adjudication on the merits, it will not bar relitigation of the cause of action originally asserted, but it may preclude . . . relitigation of the precise issues of jurisdiction adjudicated." *Id.* (internal quotation marks omitted). "That is, [a]lthough the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit[s] so as to make the case *res judicata* on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Id.* "A party is barred from relitigating an issue if (1) the same issue was contested by the parties and submitted for judicial determination in the prior case; (2) the issue was actually and necessarily determined by a court

of competent jurisdiction in that prior case; and (3) preclusion in the second case [does] not work a basic unfairness to the party bound by the first determination." *Richardson v. Sauls*, 319 F. Supp. 3d 52, 66 (D.D.C. 2018) (internal quotation marks omitted).

Sanchez-Mercedes, then represented by counsel, previously filed a case for the same alleged acts or omissions at Petersburgh FCI under the FTCA. *Sanchez-Mercedes v. United States*, No. 3:16-CV-560 (AWT) (D. Conn.), ECF No. 1, Compl. That complaint alleges, among other things, "[o]n or about May 6, 2014," at Petersburgh FCI, Corrections Officer Patterson "seized [Sanchez-Mercedes'] cane" and that Sanchez-Mercedes fell and was "severely injured." *Id.* ¶¶ 7, 8, 13, 14, 17-18. The United States District Court for the District of Connecticut dismissed Sanchez-Mercedes' case because it was barred by the discretionary function exception. *Id.*, ECF No. 14, Ruling on Mot. to Dismiss dated Feb. 24, 2017, at 4-11; *see also id.*, ECF No. 15, Judgment dated Mar. 15, 2017 ("[J]udgment is entered dismissing the case because the Court lacks subject matter jurisdiction[.]").

Sanchez-Mercedes' claims in this case, i.e., the claims he brought in his previous case and the claims that he could have brought in his previous case, are barred by the doctrine of res judicata or, more specifically, claim preclusion. His claims in this case could have been brought against the defendant in his previous case because the claims in both cases arise on the same alleged factual circumstances, i.e., his fall after a corrections officer at Petersburgh FCI took away his cane and his resulting injuries. His previous case was against the United States and thus is essentially against the same parties as the defendants in this case. *See Middleton v. U.S. Dep't of Labor*, 318 F. Supp. 3d 81, 87 (D.D.C. 2018) ("[F]ederal agencies are in privity with the United States Government for the purposes of *res judicata*, meaning that a previous lawsuit against any federal agency can have a preclusive effect on all future litigation against the

Government.").  A final judgment on the merits was made in Sanchez-Mercedes' previous case because the United States District Court for the District of Connecticut granted the United States' motion to dismiss based on the discretionary function exception.  The United States District Court for the District of Connecticut is a court of competent jurisdiction.

Assuming arguendo that the decision of the United States District Court for the District of Connecticut does not to have preclusive effect under claim preclusion,[5] it has preclusive effect under issue preclusion.  Whether the United States was entitled to sovereign immunity for Sanchez-Mercedes' claims arising from his fall when his cane was removed and his resulting injuries was the same issue that was contested in Sanchez-Mercedes' previous federal case.  That question was necessarily decided by the United States District Court for the District of Connecticut when it determined that Sanchez-Mercedes' claims were barred by the discretionary function exception.  Preclusion in this case does not work a basic unfairness to Sanchez-Mercedes because he was represented by counsel in his previous case and his counsel submitted an objection to the United States' motion to dismiss, *Sanchez-Mercedes v. United States*, No. 3:16-CV-560 (AWT) (D. Conn.), ECF No. 12.

At best, Sanchez-Mercedes is raising a different legal theory to try to recover for his alleged injuries.  But raising, or attempting to raise, different legal theories does not permit Sanchez-Mercedes to escape the preclusive effect of res judicata.  *See Menoken*, 273 F. Supp. 3d at 195-96 ("[A] party cannot escape the preclusive effect of the doctrine by raising a different legal theory or seeking a different remedy that was available to her in the prior action.").

Accordingly, the Court should dismiss this case due to res judicata.

---

[5]     *See Richardson*, 319 F. Supp. 3d at 65 ("It is established law in the D.C. Circuit that a court's dismissal for lack of jurisdiction is not a decision on the merits and therefore does not have *res judicata* effect.").

**III.    ALTERNATIVELY, THE COURT SHOULD DISMISS THIS CASE DUE TO LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES FOR ANY CLAIM RELATING TO CURRENT MEDICAL CARE**

### A.    The Court Lacks Subject Matter Jurisdiction Because the Complaint Failed to Name the United States

"Because governing law 'accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties,' a plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself[.]" *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 124-25 (D.D.C. 2016) (citation omitted).  "The FTCA provides the exclusive remedy '[w]here a plaintiff seeks monetary damages against a federal agency for torts committed by federal employees.'" *Id.* at 125; *see also* 28 U.S.C. § 2679(b)(1) (declaring the FTCA remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages").  "Failure to name the United States as the defendant in an FTCA action requires dismissal for lack of subject-matter jurisdiction." *Coulibaly*, 213 F. Supp. 3d at 125.

Sanchez-Mercedes' complaint failed to sue the United States, the only proper defendant for his alleged claims, putting aside any alleged *Bivens* claim.  Accordingly, the Court must dismiss this case for lack of subject matter jurisdiction.

### B.    The Court Lacks Subject Matter Jurisdiction for Any Claim Under 42 U.S.C. § 1983

Section 1983 of title 42 of the United States Code does not "authorize suits challenging actions taken under color of *federal* law," or "waive the United States' sovereign immunity." *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007); *see also Miango v. Dem. Rep.*

*Congo*, 243 F. Supp. 3d 113, 134 (D.D.C. 2017) ("[S]ection 1983 does not create a cause of action against a federal actor[.]").  As federal agencies, DOJ and BOP enjoy sovereign immunity from suit under Section 1983 and thus the Court lacks subject matter jurisdiction over any Section 1983 claim against them.  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005) (finding "no clear statement that would make [a federal agency] subject to liability under § 1983").  And "[s]overeign immunity may not be waived by federal agencies."  *Id.*

Similarly, "Section 1983 does not apply to federal officials acting under color of federal law." *Id.* at 1104.  "In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017).  Thus, the Court lacks subject matter jurisdiction for any Section 1983 claim against the named federal employees in their official capacities for actions taken under color of federal law.

The Court should dismiss the claims against DOJ, BOP and the individual defendants in their official capacities because the Court lacks subject matter jurisdiction over such claims.

### C.     Sanchez-Mercedes Has Not Administratively Exhausted Any Claim Relating to His Current Medical Care

The Prison Litigation Reform Act ("PLRA") provides, in relevant part, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

"The PLRA's exhaustion requirement is mandatory and 'applies to all prisoners seeking redress for prison circumstances or occurrences.'" *Chandler v. Fed. Bureau of Prisons*, 249 F. Supp. 3d 267, 270 (D.D.C. 2017) (quoting *Porter v. Nussle*, 534 U.S. 516, 520 (2002)). "Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply

with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process." *Id.* "Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies." *Id.* "Exhaustion under the PLRA is an affirmative defense, which 'the defendant[ ] ha[s] the burden of pleading and proving.'" *Id.*

According to BOP's records, Sanchez-Mercedes has not filed any medical-related administrative remedies since 2014, i.e., after the alleged May 6, 2014, incident where he fell after a corrections officer took away his cane.  Defs.' Statement of Material Fact ¶ 1.  Even were the Court to construe Sanchez-Mercedes' complaint as raising claims relating to his current medical care (i.e., medical care he received at some point after he filed his case in the United States District Court for the District of Connecticut on April 8, 2016), Sanchez-Mercedes has not administratively exhausted any such claim.

Accordingly, the Court should grant partial summary judgment in defendants' favor for any claim relating to Sanchez-Mercedes' current medical care.

## IV.   TO THE EXTENT THE COMPLAINT RAISES ANY *BIVENS* CLAIM AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES, THE COURT SHOULD DISMISS ANY SUCH CLAIM

### A.   Any Individual Capacity Claim is Time-Barred

"When a federal action contains no statute of limitations, courts will ordinarily look to analogous provisions in state law as a source of a federal limitations period." *Richardson v. Sauls*, 319 F. Supp. 3d 52, 67 (D.D.C. 2018).  "In the context of a *Bivens* action claiming the deprivation of constitutional rights, the D.C. Circuit has instructed that D.C. Code § 12–301

provides the relevant limitations period." *Id.* "D.C. Code § 12–301(8) provides a three-year

limitations period for actions 'for which a limitation is not otherwise specially prescribed.'" *Id.*

Sanchez-Mercedes filed his complaint on January 8, 2019.  Compl. at 1.  Assuming

arguendo that the District of Columbia's statute of limitations applies,[6] Sanchez-Mercedes is

time-barred from bringing any claim for any action or inaction that occurred prior to January 8,

2016.  His complaint, however, alleges that his encounter with Patterson occurred on May 6,

2014.  Compl. at 2.  And his complaint acknowledges that by 2015 he was no longer at

Petersburg FCI and instead was at a federal prison located in Connecticut.  *See id.* at 3 (referring

to Danbury prison report dated June 11, 2015).  Under these circumstances, any claim against

Patterson and Wilson in their individual capacities is time-barred.

> **B.      The Court Lacks Personal Jurisdiction Over Wilson and Patterson in Their
>            Individual Capacities**

The complaint does not allege that Wilson and Patterson are residents of the District of

Columbia or allege any specific acts tying them to this district.  To maintain suit against them in

this district, Sanchez-Mercedes must show that Wilson and Patterson may be sued under the

District of Columbia's long-arm statute.  *See Woodruff v. United States*, 310 F. Supp. 3d 54, 57

(D.D.C. 2018).  "Where, as here, a party seeks to recover for a tortious act or omission that

occurred in another jurisdiction, that party must allege and ultimately demonstrate (1) that the

allegedly wrongful act or omission caused a tortious injury in the District of Columbia and

---

[6]      Virginia, the situs of the alleged actions or inactions, has a shorter limitations period.  *See
Epps v. Laybourne*, No. 3:17-CV-646 (HEH), 2019 WL 470904, at *4 n.4 (D.D.C. Feb.
5, 2019) ("Virginia has a two-year statute of limitations for personal injury actions that is
borrowed by the federal courts.").

(2) that the defendant has established significant ties to the District of Columbia by, for example, engaging in some persistent course of conduct in the jurisdiction." *Id.* (internal quotation marks omitted).

Here, Sanchez-Mercedes' complaint fails to allege any "tortious injury" that he sustained in the District of Columbia and thus his attempt, if any, to sue Patterson and Wilson in their individual capacities in this district must fail.

Accordingly, the Court lacks personal jurisdiction over any claim against Patterson and Wilson in their individual capacities.

### C.      The Complaint Fails to State a Claim Against Wilson and Patterson

"*Bivens* remedies do not exist against officials sued in their *official* capacities, but against only federal officers in their *individual* capacity[.]" *Husain v. Smith*, No. 15-708 (RDM), 2016 WL 4435177, at *6 (D.D.C. Aug. 19, 2016) (citation and internal quotation marks omitted).  "To state an individual capacity claim a plaintiff 'must . . . allege that the defendant federal official was *personally* involved in the illegal conduct.'" *Id.*

Here, Sanchez-Mercedes' complaint is conclusory and fails to provide any factual allegation to show that Wilson was personally involved in any alleged Constitutional injury.  *See generally* Compl.  To the extent Sanchez-Mercedes is asserting a respondeat superior theory of liability for Wilson, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

the Constitution.").  Thus, the Court should dismiss any individual capacity claim against Wilson.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment."  *Jones v. Hurwitz*, 324 F. Supp. 3d 97, 100 (D.D.C. 2018) (internal quotation marks omitted).  "A prison official is deliberately indifferent if he or she knows of and disregards an excessive risk to inmate health or safety."  *Id.* (internal quotation marks omitted).  "A violation can be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care."  *Id.* (internal quotation marks omitted).  "Deliberate indifference to a prisoner's medical needs must rise above the level of mere negligence, and cannot be inadvertent[.]"  *Id.* (citation and internal quotation marks omitted).  "Put differently, [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Id.* (internal quotation marks omitted); *see also Anderson v. Dist. of Columbia*, 317 F. Supp. 3d 444, 447 (D.D.C. 2018) ("A complaint that alleges negligence in diagnosing or treating the plaintiff does not suffice to state a constitutional claim for inadequate medical treatment.").

Sanchez-Mercedes cannot state a claim against Wilson or Patterson in their individual capacities for medical treatment that he says he should be receiving at present where his complaint acknowledges that by 2015 he was no longer at Petersburg FCI.  *See* Compl. at 3 (referring to Danbury prison report dated June 11, 2015).  In addition, his complaint says that he needs back surgery, not aspirin.  Compl. at 3-4.  At best, this allegation amounts to negligence in diagnosing or treating Sanchez-Mercedes, which does not suffice for a "deliberate indifference" or "cruel and unusual punishment" claim.

Accordingly, the Court should dismiss any individual capacity claims for failure to state a claim.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss this case.

Date:  April 22, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By:  /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney
Civil Division
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Telephone:  (202) 252-2539
Email:  Marsha.Yee@usdoj.gov

*Counsel for Defendants*